## AURELIA FUENTES, Plff.,

*v.*

## AMERICAN RAILROAD COMPANY OF PORTO RICO, Dft.

---

San Juan, Law, No. 1089.

### SUIT FOR DEATH OF ILLEGITIMATE CHILD.

Damages—Mother of Illegitimate Child.

    1. A mother of an illegitimate son cannot recover damages for his death under § 60 of the Code of Civil Procedure of Porto Rico.

Damages—Mother of Illegitimate Child—Support.

    2. While a mother is entitled to be supported by her child, whether legitimate or illegitimate, she cannot recover damages for

---

NOTE.—On right of mother to recover for the negligent killing of an illegitimate child, see notes in 2 L.R.A.(N.S.) 640, and L.R.A.1916E, 125.

Fuentes v. American R. Co.

its death. Consistency requires that if there was a right of suit under § 1803 of the Civil Code of Porto Rico, this subject must now be regarded as falling entirely under § 60 of the Code of Civil Procedure, which was adopted at a later date.

Opinion filed January 25, 1917.

---

*Messrs. Francis & Soto* for plaintiff.

*Messrs. Dexter & Almiroty* for defendant.

HAMILTON, Judge, delivered the following opinion:

This is a suit by the mother of an illegitimate child for the death of the child due, as alleged, to the negligence of the defendant railroad company. A demurrer is interposed setting up that a mother cannot recover damages for the death of a minor illegitimate son under the laws of Porto Rico.

1. There is no question that there could not be a recovery if the suit is brought under § 60 of the Code of Civil Procedure. Diaz v. Porto Rico R. Light, & P. Co. 21 P. R. R. 78. The Code of Civil Procedure was taken from common-law sources.

The plaintiff, however, contends that this suit is not brought under the Code of Civil Procedure, but under § 1803 of the Civil Code, which is the same as § 1902 of the Spanish Civil Code, and contends that such a suit is authorized under the jurisprudence of Spain. The following cases are recited in support of this contention:

Num. 14. Supreme Court.—June 12, 1900. Indemnizacion de Daños y Perjuicios.—This is a case in which Doña

IX. Porto Rico.—26.

Maria Silva Leon brought suit against the Compania de los Ferrocarriles Andaluces, claiming damages for the death of Balbino Tovia Sevilla, a bugler of Carabineers, the husband of the said Doña Maria Silva Leon.

The plaintiff instituted both the criminal and the civil action. In the first there were prosecuted Jose Pascual Fares, Isabel Sanchez Calle, and Ramon Rosello Morales. After the trial the court acquitted Isabel Sanchez Calle, and sentenced Jose Pascual Fares and Ramon Rosello to imprisonment for two months and one day, and to the payment jointly and severally to Doña Maria Silva, or her heirs, as indemnity for losses, the sum of 2,000 pesetas, and in case that the defendants should be insolvent, payment should be exacted from the Empresa de los Ferrocarriles Andaluces. Judgment reversed and the defendants absolved. Appeal denied.

90 Jur. Civ. p. 65.

Judgment No. 18. July 6, 1901. Indemnizacion de Dañoa y Perjuicios.—This is a case in which Doña Teresa Lezcano Lucas, in representation of her daughter Manuela Lucas, and Doña Francisca and Doña Victoriana Lezcano, represented by their respective husbands, brought suit against the Compañia de los Ferrocarriles de Madrid a Zaragoza y a Alicante, for the death of their father. This action did not prosper in either court.

92 Jur. Civ. p. 77.

Num. 15. Judgment of Jan. 15, 1902.—This is a suit brought by Doña Petra Melero y Guerra against the Compañia de los Caminos de Hierro del Norte de España for the death of Don Anselmo de la Rosa, son of the plaintiff, although emancipated from her, being of full age. Plaintiff claimed 90,000 pe-

setas, and obtained judgment for 1,462 pesetas, 50 cents. Appeal denied.

93 Jur. Civ. p. 70.

Num. 103. Judgment of June 16, 1905.—This is a case in which Don Mariano Garcia Gamo filed a suit against the Compañia Madrileña de Alumbrado y Calefaccion por Gas for the death of his legitimate son Andres Garcia Robledillo, decided in favor of the Gas. Co. Appeal denied.

101 Jur. Civ. p. 662.

No. 134. December 14, 1894.—In this case Doña Juana Alonso Celada, as legal representative of her minor son Teodoro Santa Maria Alonso, brought suit against Don Manuel Chacon and Don Candido Lara y Ortal for the death of her husband while hanging certain flags. Judgment in favor of the heirs of Don Eulogio Santa Maria for 5000 pesetas. Appeal denied.

76 Jur. Civ. p. 483.

None of these, however, seems to be the case of a suit by the parent of an illegitimate child. The exact point in question, therefore, does not seem to have been decided. The extent to which these decisions go is that the Spanish statute corresponding to the Porto Rico § 1803 permits suit by a parent for the unlawful death of a child.

2. The argument is that this right of suit grows out of the right of support, as under § 213 of the Civil Code of Porto Rico, and that therefore the mother of an illegitimate child because she is entitled to support by the child, whether legitimate or illegitimate, has this right. This can only be true under the Diaz Case provided there are two systems of suits recognized in Porto Rico, one by the parent of a legitimate child under § 60 of the Code of Civil Procedure, and the other by the parent of

a legitimate or of an illegitimate child under § 1803 of the Civil Code.

Such a construction cannot be sustained. The jurisprudence of Porto Rico is a unit. Some elements are derived from the common law and some from the civil law, but together they make up one system, and it cannot be held, unless required by the clear letter of the law, that there are two antagonistic systems of right in the same matter. Consistency requires that if there was a right of suit by a parent under § 1803 (Spanish § 1902), of the Civil Code for the death of a child, this subject must now be regarded as falling entirely under § 60 of the Code of Civil Procedure, which was adopted at a later date. In other words, from the law of negligence under § 1803, if it is held to be as broad in Porto Rico as in Spain, there was carved out the subject of recovery for the death of children, and this was limited to legitimate children.

It follows, therefore, that the demurrer is sustained.

It is so ordered.